UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**STRIKE 3 HOLDINGS, LLC**,

    Plaintiff,

v.                                                      2:24-cv-986-JLB-NPM

**JOHN DOE**,

    Defendant.

## ORDER

Before the court is plaintiff Strike 3 Holdings, LLC's motion for leave to serve a third-party subpoena. (Doc. 7). For the reasons below, the motion is granted.

### I. Background

Strike 3 Holdings alleges copyright infringement against John Doe, an unnamed defendant, for unlawfully reproducing and distributing its adult films. (Doc. 1). Strike 3 now moves for leave to serve a pre-discovery subpoena on Doe's internet service provider (ISP), Comcast Cable, to learn Doe's identity. (Doc. 7).

### II. Discussion

The Federal Rules of Civil Procedure generally preclude a party from pursuing discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). But, as usual, there are exceptions. Relevant here, a party may pursue expedited discovery by showing "good cause." *See Richardson v. Virtuoso Sourcing Grp., L.L.C.*, No.

8:15-cv-2198-T-17JSS, 2015 WL 12862517, *1 (M.D. Fla. Oct. 27, 2015). "In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 8:15-cv-507-T-36EAJ, 2015 WL 12850566, *1 (M.D. Fla. May 18, 2015).

Strike 3 has shown good cause for expedited discovery. First, Strike 3 alleges a prima facie case of infringement. The complaint says that Strike 3 holds copyrights for several adult films that have been copied and distributed by Doe without permission through a BitTorrent program. (Doc. 1). Next, Strike 3 has identified the specific information sought through the requested discovery—Doe's name and address—so that it may effectuate service of process. Finally, Strike 3 has shown it has no way to identify Doe without seeking his or her name from the ISP, here Comcast Cable. (Doc. 7). Courts have frequently concluded there is good cause for limited, early discovery in such cases. And there is no reason the same result should not follow here. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 8:15-cv-2314-T-17TBM, 2015 WL 12856086, *1 (M.D. Fla. Nov. 6, 2015).

One last item. The ISP subscriber at a given IP address may not be the same individual who engaged in the infringing activity. The court thus finds it appropriate

to enter the procedural safeguards below to address concerns about identifying the wrong individual and subsequent undue embarrassment.

It is thus **ORDERED**:

1. Strike 3's motion for leave to serve third-party subpoena (Doc. 7) is **granted**;

2. Strike 3 is permitted limited discovery to serve a subpoena to determine the name and address of the Doe defendant to whom the internet service provider assigned the relevant IP address or any other service provider that is later identified in response to this initial subpoena;

3. Strike 3 must attach a copy of this order to the subpoena, and if the internet service provider qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5), then this order must be considered an appropriate court order under 47 U.S.C. § 551;

4. Any internet service provider that receives a subpoena pursuant to this order must not assess any charge to Strike 3 in advance of providing the information requested. However, an internet service provider may elect to charge a reasonable amount for the costs of production;

5. Any information disclosed to Strike 3 in response to a subpoena may be used solely for the purposes of protecting and enforcing Strike 3's rights as set forth in its complaint;

6. Any internet service provider that receives a subpoena pursuant to this order shall provide written notice to the subscriber within twenty-one days of service, informing the subscriber that identifying information has been sought pursuant to a Rule 45 subpoena and that the subscriber has the right to challenge the subpoena in court. The internet service provider shall additionally provide a copy of this order with the written notification;

7. The subscriber shall have fourteen days from the date of the written notification to move to quash or otherwise challenge Strike 3's subpoena. The subscriber must serve a copy of his or her motion upon both Strike 3's counsel and the internet service provider;

8. The internet service provider shall produce the subpoenaed information to Strike 3 no earlier than twenty-one days after written notification has been provided to the subscriber. If, however, the subscriber moves to quash or otherwise challenges the subpoena, the internet service provider shall not disclose the subpoenaed information to Strike 3 until the court has resolved the subscriber's challenge;

9. Any internet service provider that receives a subpoena pursuant to this order shall preserve all subpoenaed information until either the internet service provider has delivered such information to Strike 3, or the court renders a final

determination that excuses the internet service provider's compliance with the subpoena;

    10.    Strike 3 must also adhere to the following procedures:

        i.    In all written or oral communications with the Doe defendant, Strike 3's attorney(s) must identify themselves as representing Strike 3 and must inform him or her that any statements made may be used against him or her;

        ii.    If the Doe defendant contacts Strike 3, Strike 3 must inform the Doe defendant of his or her right to hire legal counsel;

        iii.    At any time, the Doe defendant may inform Strike 3 by phone or written communication that he or she does not want to communicate further with Strike 3 until service is perfected;

    11.    Strike 3 must notify the Doe defendant, or, if represented, his or her counsel, in writing of Strike 3's intent to name and serve the Doe defendant at least fourteen days before seeking issuance of a summons.

        **ORDERED** on November 14, 2024.

        _____
        NICHOLAS P. MIZELL
        United States Magistrate Judge